ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2006 JAN 31 AM 8:19

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK
SO. DIST. OF GA.

AUGUSTA DIVISION

| | |
|---|---|
| SYLVIA A. MILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 104-075 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Sylvia A. Miles ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Based upon claims of disability dating back to August 16, 2000, Plaintiff applied for DIB and SSI on September 12, 2001, with a protective filing date for SSI of September 4, 2001. Tr. ("R"), pp. 59-62; 227-29. The claims were denied initially and upon

reconsideration. R. 37-45; 234-36. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 46-47. Represented by counsel, Plaintiff appeared and testified at a hearing on May 15, 2003. R. 240-54. The ALJ held a supplemental hearing on February 9, 2004 to hear additional testimony from Plaintiff and to take testimony from a vocational expert ("VE"). R. 255-78. The ALJ then issued an unfavorable decision dated September 8, 2004. R. 12-23.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).[1]

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965) but has the residual functional capacity to perform a significant range of light work (20 CFR §§ 404.1567 and 416.967) as follows: no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; no standing and/or walking over 6 hours in an 8-hour workday; limited stooping and twisting; no crouching, kneeling, crawling, balancing or climbing; no reaching overhead with either arm; no foot pedals or other controls with either lower extremity; and an environment free from poor

---

[1] In the text of the written decision, the ALJ identified rheumatoid arthritis, asthma, lower back pain, knee pain, shoulder pain, and obesity as Plaintiff's severe impairments. R. 17.

>   ventilation, dust, fumes, [g]ases, odors and extremes of humidity and temperature.[2]
>
> 5.  Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.17 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as a laundry folder, bench worker, and as a sorter. [Therefore,] the claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. (20 CFR §§ 404.1520(g) and 416.920(g)).

R. 22-23.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 6-9. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting that her case be reversed and remanded either for an award of benefits or for further proceedings to correct errors which are alleged to include the failure to present an appropriate hypothetical question to the VE; the failure to consider the combined effects of Plaintiff's severe impairments; and the failure to consider properly and or use the opinions of a treating and consulting physician.

---

[2]Light work involves:

>   lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . . If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

## II. **THE STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary

evidence is not based upon substantial evidence. <u>McCruter v. Bowen</u>, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. <u>Wiggins v. Schweiker</u>, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. <u>DISCUSSION</u>

Plaintiff argues that the hypothetical presented to the VE during step five of the sequential evaluation process did not include all of her severe limitations and otherwise did not accurately portray her "real health condition." Pl.'s Br., p. 11. The Commissioner makes a less than vigorous defense of the use of the VE at the administrative hearing and concedes: "While the ALJ's initial hypothetical may have been deficient, his alternative one (assuming only the ability to do sit-stand work, with some additional limitations) found sufficient support in the record. Accordingly, the ALJ was not obliged to accept vocational expert testimony that assumed a far more severe degree of limitation." Comm'r Br., p. 7 (citation omitted). Notably, however, the ALJ did not rely on the VE's answer to the alternative hypothetical to determine that there were sedentary jobs in the national economy that Plaintiff could perform; rather, the ALJ relied on the VE's response to the initial, deficient hypothetical to determine that Plaintiff could perform light jobs in the national economy.

Moreover, as discussed in more detail below, in developing the hypotheticals for the VE, the ALJ ignored relevant evidence in the record.

At step four of the sequential evaluation process, the ALJ determined that Plaintiff was unable to perform her past relevant work but had the residual functional capacity to perform a significant range of light work, as set forth in detail herein at pages 2 to 3. R. 22. Because Plaintiff could no longer perform her past relevant work, the burden shifted to the Commissioner to show the existence of other types of substantial gainful employment that Plaintiff could perform given her age, education, previous work experience, and residual functional capacity. In this regard, the ALJ properly consulted a VE in conjunction with the Medical-Vocational Guidelines. The record reflects that the ALJ asked the VE the following:

> Hypothetical number one, an individual of the claimant's age, education, and past job experience who's limited to performing work with restrictions that require simple routine work. No lifting or carrying over 20 pounds occasionally, 10 pounds frequently. No standing and/or walking over six hours in an eight hour day. There would be limited stooping, twisting, crouching, and kneeling. No crawling, balancing or climbing of ladders or scaffolds. No reaching overhead with either upper extremity. . . . No foot pedals or other controls with either lower extremity. And an environment free from poor ventilation, dust, fumes, gases, odors and extremes of humidity and temperature.

R. 275-76. In response, the VE stated that Plaintiff could perform the "light category" jobs of flat work folders at the laundry service, entry level bench worker, and sorter. R. 276.

For the alternative hypothetical, the ALJ asked the VE to assume all of the restrictions from the first hypothetical with one change - no standing and/or walking over two hours in an eight hour workday. R. 276. Based on that change, the VE found that the

sedentary work of packers, table workers and "sorter in the sedentary" would be available to Plaintiff. R. 277.

Of course, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).

Here, the deficiency with the hypothetical began to take shape well before the question was actually posed to the VE. There are two Physical Residual Functional Capacity Assessments in the record that were performed by reviewing physicians. R. 152-67. These reviewing physicians determined that Plaintiff, despite her impairments, could do sedentary work (with an ability to lift and carry more than is typically required for such work),[3] subject

---

[3]Sedentary work involves:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a).

to several limitations.[4] The ALJ failed to mention these reports in his opinion, let alone indicate that they were used in formulating a hypothetical for the VE.[5]

According to Social Security Ruling 96-6p, findings of fact made by State agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. This responsibility to address the opinions of state agency doctors is also codified at 20 C.F.R. §§ 404.1527(f) and 416.927(f)(2)(I). Numerous courts have recognized this duty to address the opinions of state agency doctors. Higgins v. Barnhart, 294 F. Supp.2d 1206, 1212 & n.29 (D. Kan. 2003) (collecting cases in support of proposition that "the ALJ is required to evaluate, discuss and explain the weight assigned to . . . a reviewing physician"); Plourde v. Barnhart, No. 02-164-B-W, 2003 WL 22466176, at *4 (D. Me. Oct. 31, 2003) (relying on SSR 96-6p to conclude that "[w]ithout discussion or explanation, the administrative law judge implicitly rejected all of the

---

[4] For example, both reviewing physicians found that Plaintiff could only occasionally kneel, crouch, or crawl and could never climb a ramp/stairs or a ladder/rope/scaffolds. R. 154, 162.

[5] The restrictions noted by the ALJ, R. 22, do not evidence that the ALJ considered the reviewing physician's reports not only because they limited Plaintiff to sedentary work, but also because the ALJ posited no crawling and included environmental limitations that were not noted by either reviewing physician. R. 156, 164. Moreover, both reports said that Plaintiff could do frequent stooping. R. 154, 162. While there may be other evidence in the record that caused the ALJ to discount the opinions of the reviewing physicians or otherwise determine that environmental limitations existed, the analysis is not evident in the ALJ's opinion.

foregoing mental limitations (by state agency doctors). He was not free to choose simply to ignore this uncontradicted evidence, or pick and choose from it *sub silentio,* to craft an RFC."); Goberman v. Apfel, No. 2:99CV316FTM26DNF, 2001 WL 267209, at *3 (M.D. Fla. Mar. 12, 2001) ("The ALJ's decision failed to refute this opinion (of the State agency program physician). SSR 96-6 requires the ALJ to not only consider the program physician opinions because these physicians are considered experts, but in addition, must state the weight he has given the opinions in their decision."); Ward v. Apfel, No. Civ. A. 99-1062-BH-L, 2000 WL 1367978, at * 1 (S.D. Ala. Aug. 16, 2000) (citing SSR 96-6p in support of direction that on remand the ALJ shall "consider and articulate the weight accorded the opinion of the State agency non-examining medical expert who limited plaintiff to only occasional handling, fingering, and feeling with her upper extremities.").

In this case, it is clear from reading the ALJ's decision that he failed to address the opinions of the reviewing physicians, let alone provide any rationale for disregarding their opinions that Plaintiff could only do sedentary work. Indeed, the Commissioner concedes the error. Comm'r Br., p. 4. However, the Commissioner forges ahead, arguing that despite the error, she will defend the matter on the basis that Plaintiff could do a significant number of sedentary jobs because if someone can do light work (as the ALJ concluded about Plaintiff here), that person can also do sedentary work, assuming there are no additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. Id. (citing 20 C.F.R. §§ 404.1567(b) and 416.967(b)). The problem with this approach is that the Commissioner cannot now rely on a justification that was not used at the administrative

level. Martin, 748 F.2d at 1031 (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

The ALJ's decision is clear that he is relying on the conclusion that Plaintiff does not meet the definition of disabled because she can perform a significant range of light work. The available jobs listed in the ALJ's decision are not the sedentary jobs listed by the VE in response to the alternative hypothetical presented by the ALJ to the VE or now relied upon by the Commissioner to justify a finding of not disabled. Rather, they are the light jobs listed in response to the first hypothetical - a hypothetical based on a review of the record that appears to have taken no account of the reviewing physicians' decisions. Cf. R. 22, 275-76 (light jobs) with R. 276-77 and Comm'r Br., p. 4 (sedentary jobs). In fact, as the ALJ also discredited the opinion of Plaintiff's treating physician,[6] R. 18, it appears that the only medical opinion of record left to consider is that of Dr. Oladapo W. Fawibe, a doctor who performed a consultative examination but failed to provide an opinion on Plaintiff's residual functional capacity for work. R. 146-51; cf. 20 C.F.R. § 416.919n(c) (listing elements of

---

[6] Of course, on remand, consideration of the opinion of Plaintiff's treating physician from the Neighborhood Health Services Center must be done in accordance with Eleventh Circuit standards. That is, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

complete consultative examination, including statement about what claimant can do despite impairments). Notably, Dr. Fawibe stated that he had reviewed no medical evidence other than office visit records from April 1997 and October 1999 - dates that precede the alleged onset date of August 16, 2000 that is applicable to the current applications under consideration. Under these circumstances, the Court cannot conclude that the hypothetical presented to the VE was an accurate description of Plaintiff's medical condition, let alone that the ALJ properly utilized the VE's response to determine that there are jobs available in the national economy that Plaintiff can perform.

In sum, the Court finds that the Commissioner did not discharge her burden at step five of the sequential evaluation process by showing a significant number of other jobs in the national economy that Plaintiff could perform. Because the ALJ failed to address properly the opinions of the reviewing agency doctors, it is not clear that the hypothetical to the VE, on which the ALJ relied to determine that there were a significant number of light work jobs in the national economy that Plaintiff could perform, accurately described Plaintiff's condition. Therefore, a remand is warranted so that the ALJ can address the opinions of the reviewing agency doctors and, if necessary, make any adjustments to the list of impairments in the hypothetical presented to the VE.[7] Simmons v. Barnhart, No. 03-11485, slip op. at 5

---

[7]As to Plaintiff's contention that her impairments were not considered in combination, on remand, the ALJ must "consider not only the disabling effect of each of [Plaintiff's] ailments individually, but also the combined effect of all of [her] impairments." Wiggins, 679 F.2d at 1392. As the Eleventh Circuit has explained:

> [W]here, as here, a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and

(11th Cir. Nov. 28, 2003) (rejecting district court's harmless error analysis of ALJ's failure to include all identified limitations in hypothetical to VE and citing Pendley, 767 F.2d at 1561 for the proposition that courts should not assume type of answer that VE may provide if presented with additional limitations for claimant). Moreover, given the inadequacy of Dr. Fawibe's consultative evaluation report as described above (limited to no review of relevant medical background information on Plaintiff and failure to identify what Plaintiff can still do despite impairments), on remand, a revised report should be obtained.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 31st day of January, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

    well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

    Given that this case should be remanded for consideration of all relevant evidence of record, the Court need not decide at this juncture whether the ALJ considered the combined effect of Plaintiff's impairments; however, should the District Judge decide to remand the case, "the ALJ, of course, will consider the combined effect of [Plaintiff's] ailments and his opinion should reflect his findings in this regard." Wiggins, 679 F.2d at 1392.